IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>MARÍA DE LOURDES MARTÍNEZ-GARRIGA,<br><br>**Defendant.** | **Criminal No.** 24-090 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Three motions *in limine* are before the Court. (Docket Nos. 33, 59 and 61.) First, the United States moves for reciprocal discovery. (Docket No. 33.) Second, the United States moves to preclude defendant María De Lourdes Martínez-Garriga ("Martínez") from arguing or eliciting testimony regarding voter fraud. (Docket No. 59.) Third, the United States moves to admit demonstrative evidence. (Docket No. 61.) For the reasons set forth below, all three motions are **GRANTED**.

I.  Background

On March 7, 2024, a grand jury returned an indictment charging Martínez with five counts of delaying or destroying mail in violation of 18 U.S.C. section 1703(a). (Docket No. 3.) Trial is scheduled to commence on January 21, 2025. (Docket No. 56.)

## II. The Motion for Reciprocal Discovery

The United States moved for reciprocal discovery on June 12, 2024. (Docket No. 33.) It requests that the Court order Martínez to disclose material subject to Federal Rule of Criminal Procedure 16(a) and (c). Id. These provisions pertain to the "defendant's disclosure" obligations and the parties' "continuing duty to disclose" evidence falling within the purview of Rule 16 during trial. See Fed. R. Crim. P. 16(b) and (c). The United States also requests that Martínez disclose whether she intends to assert an insanity defense, an entrapment defense, or a public authority defense – all matters that are governed pursuant to Rule 16. (Docket No. 33.) Essentially, the United States seeks an order reinforcing the applicability of the Federal Rules of Criminal Procedure. Id. Because the Court concurs that these rules apply in this litigation, the United States' motion for reciprocal discovery is **GRANTED.**

## III. The Motion to Preclude Testimony Regarding Voter Fraud

The indictment alleges that Martínez worked as a United States Postal Service ("USPS") "city carrier," a public servant responsible for collecting and delivering mail at the 65th Infantry Postal Office in San Juan, Puerto Rico. (Docket No. 3 at pp. 2-3.) In September 2022, the Puerto Rico State Elections Commission (hereinafter, "the Commission") held a special election for the

Criminal No. 24-090 (FAB)                                                  3

San Juan, Puerto Rico District 1 Senate vacancy.  Id. at p. 2. The Commission sent "election mail" to eligible voters, "including ballots, voter registration cards, absentee voting applications, and polling place notifications."  Id.  According to the indictment, in August 2022 Martínez knowingly "did not deliver" election mail to five San Juan residents.  Id. at p. 4.

The United States "anticipates that [Martínez] may attempt to introduce arguments or testimony related to allegations of voter fraud, the integrity of the election process, or criticisms of the operations of [the Commission]."  (Docket No. 59 at p. 1.) Martínez contends that the United States only filed this motion because defense counsel "in good faith pointed out possible fraud regarding the requests of the mail-in votes."  (Docket No. 63 at p. 3.)

This trial is not a referendum on the integrity of the electoral process or the legitimacy of certain "requests" for "mail-in votes."  The only question the jury must answer is whether Martínez is guilty of violating 18 U.S.C. section 1703(a).  Did she knowingly not deliver "any letter, postal card, package, bag, or mail entrusted to [her]" as alleged in the indictment? (quoting 18 U.S.C. § 1703(a)).  Federal Rule of Evidence 402 provides that all relevant evidence is admissible unless excluded by the United States Constitution, federal statute, or other rule.  Fed. R. Evid.

402.  Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Because allegations of voter fraud are irrelevant, this evidence is inadmissible pursuant to Rule 102.

Martínez avers that the United States is "giving the impression that defendant either was paid or is a fervent follower of partisan politics."  (Docket No. 63 at p. 3.)  The Court reiterates that the Federal Rules of Evidence bind both parties.  Both the United States and Martínez may object to the admission of evidence at trial.  To the extent that the United States moves to preclude irrelevant evidence of voter fraud, the motion is **GRANTED.**

**IV. The Motion to Admit Demonstrative Evidence**

The United States moves to admit six items as demonstrative evidence:  (1) a blank envelope produced by the Commission containing ballot papers and voting instructions, (2) a blank yellow envelope produced and preaddressed by the Commission, (3) a second blank yellow envelope produced by the Commission that is not self-addressed, (4) a blank white and green PS Form 3800 used as an acknowledgement of receipt, (5) a blank light green PS Form 3811 used to confirm acknowledgement of receipt, and (6) a blank pink PS Form 3849 used to notify a failure to deliver certified mail.  (Docket No. 61 at pp. 3-6.)

"It is today increasingly common to encounter the use of demonstrative aids throughout a trial[, including] duplicates, models, maps, sketches and diagrams." United States v. Burt, 495 F.3d 733, 740 (7th Cir. 2007) (quoting Kenneth S. Broun, McCormick on Evidence § 121 (2006)). "The decision to allow demonstrative aids rests in the discretion of the district judge." Id.; see United States v. López-López, 282 F.3d 1, 15-16 (1st Cir. 2002) (noting that courts possess "broad discretion in admitting demonstrative evidence") (citation and quotation omitted).

Martínez insinuates that the United States seeks to admit the blank envelopes and USPS forms because it does "not have the original envelopes." (Docket No. 63 at p. 4.) According to Martínez, Federal Rule of Evidence 1003 ("Rule 1003") bars the admission of this evidence. Id. Rule 1002 provides that "[an] original writing, recording, or photograph is required **in order to prove its content** unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002 (emphasis added). Pursuant to Federal Rule of Evidence 1003, "[a] duplicate is admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003.[1] The Best

---

[1] A duplicate is a "counterpart produced by mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately portrays the original." Fed. R. Evid. 1001.

Evidence Rule is a "minor tool," "and should never be applied so rigidly as to interfere with good trial sense." 6 Weinstein's Fed. Evid. § 1001.02 (2021); see Asociasión de Periodistas de Puerto Rico, 680 F.3d at 80 (noting that the Best Evidence Rule is a "mechanical" requirement).

The United States does not purport that the blank envelopes and USPS forms are the actual materials that Martínez failed to deliver. Rather, the United States intends to admit this evidence "only as an example of . . . a standard election mail envelope and postal certified mail forms" to "help explain the facts of this case." (Docket No. 61 at pp. 6-7.) Consequently, Rule 1002 is inapplicable because the United States is not seeking to "prove" the contents of blank envelopes and USPS forms. Because this evidence will assist the jury in understanding the allegations set forth in the indictment, the United States motion to admit demonstrative evidence is **GRANTED**. The jury will not, however, view this evidence during its final deliberations. See United States v. Milikiewicz, 479 F.3d 390, 397 n. 14 (1st Cir. 2006) ("[Courts] often do not permit demonstrative evidence in the jury room") (citation and quotation omitted).

**V.   Conclusion**

For the reasons set forth above, the United States' motion for reciprocal discovery is **GRANTED**, the motion to preclude

Criminal No. 24-090 (FAB)                                                          7

testimony regarding voter fraud is **GRANTED,** and the motion to admit demonstrative evidence is **GRANTED**.  (Docket Nos. 33, 59 and 61.)

Trial is scheduled to commence before the undersigned on **January 21, 2025 at 9:00 AM** in the Old San Juan Courtroom.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, December 23, 2024.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE